UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ADRIAN MIRO, RAPHAEL-UMBERTO MUNROY-GARCIA,
AND ALL OTHERS SIMILARLY SITUATED;

              **COMPLAINT**

        Plaintiffs,

              **JURY TRIAL DEMANDED**

    -against-

ESPOSITO'S RISTORANTE & PIZZERIA II, INC.,
DOMENICK ESPOSITO, AND DOMENICKA ESPOSITO;

        Defendants.
---------------------------------------------------------------------X

## NATURE OF ACTION

1. Plaintiffs bring this action to recover unpaid wages, unpaid minimum wage, liquidated damages, punitive damages, and reasonable attorney fees and costs from the Defendants, for whom the Plaintiffs performed work.

2. Plaintiffs were "back of the house" kitchen staff and "front of the house" waitstaff employed in the Defendants' restaurant (the "Restaurant"). For a time prior to filing this Complaint, the Defendants willfully committed violations of 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA") and the New York Labor Law ("NYLL") by failing to keep accurate time records, failing to pay the Plaintiffs minimum wage by using an unlawful tip-credit, failing to pay a spread of hours premium, and not paying overtime wages.

3. The Defendants utilized a tip credit to avoid having to pay the front of the house waitstaff the full statutory Minimum Wage under the NYLL and FLSA. The Defendants did not provide the Plaintiffs with proper notice to utilize a tip credit, did not keep accurate track of the Plaintiffs work hours, did not pay the statutorily required direct wage, took too large a tip credit, failed to provide statutory wage notices, and did not pay overtime. Because the Defendants did not take the necessary steps to utilize a proper tip credit and retained employee tips, the Plaintiffs were paid less than the Federal and New York State minimum wage for each hour worked. Additionally, the defendants paid the back of the house kitchen staff a cash salary wage and required them to work more than 40 hours each workweek without receiving overtime. The Defendants did not pay the back of the house staff minimum wage or overtime.

    On information and belief, these violations were applied to every food service worker and employee employed by the Defendants for the past six years (the "FLSA Class") and ("NYLL Class") ("Collectively the "Class Members").

## JURISDICTION AND VENUE

4. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

5. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

1

6. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES

8. Plaintiff ADRIAN MIRO ("Adrian") resides in Brewster, New York.

9. Plaintiff RAPHAEL-UMBERTO MUNROY-GARCIA ("Raphael") resides in Mount Kisco, New York.

10. Upon information and belief, Defendant ESPOSITO'S RISTORANTE & PIZZERIA II, INC. ("Corporate Defendant") is a corporation formed in the State of New York and is located at 359 Mamaroneck Ave., White Plains, N.Y 10605.

11. Upon information and belief, Defendant DOMENICK ESPOSITO ("Domenick") owns all or part of Corporate Defendant and is domiciled in the State of New York.

12. Upon information and belief, Defendant DOMENICKA ESPOSITO ("Domenicka"), owns all or part of Corporate Defendant, and resides in the State of New York.

**Class Definition**

13. Plaintiffs bring each cause of action set forth herein as a collective action on behalf of the following class of potential opt-in litigants:

    **All current and former food service workers as defined by 12 N.Y.C.R.R §146-3.4, all tipped employees as defined in 29 U.S.C 203(t), and all kitchen staff employees who were employed by ESPOSITO'S RISTORANTE & PIZZERIA II, INC. ("Corporate Defendant") in any workweek in the past three years ("FLSA Class").**

14. Plaintiffs reserve the right to redefine the FLSA Class prior to class certification and thereafter, as necessary.

15. Plaintiffs bring each cause of action of this lawsuit as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

    **All current and former food service workers as defined by 12 N.Y.C.R.R §146-3.4, all tipped employees as defined in 29 U.S.C 203(t), and all kitchen staff employees who were employed by ESPOSITO'S RISTORANTE & PIZZERIA II, INC. ("Corporate Defendant") in any workweek in the past six years (the "New York Class").**

16. Plaintiffs reserve the right to redefine the New York Class prior to class certification and thereafter, as necessary

17. All allegations alleged herein by Plaintiffs are alleged on behalf of the FLSA Class and NY Class defined in this Complaint, as amended.

## BACKGROUND FACTS

18. Corporate Defendant is an "employer" under the FLSA.

19. Corporate Defendant is an "employer" under the NYLL.

20. Corporate Defendant is a restaurant.

21. **The Defendants operate multiple restaurants**.

22. **Defendants operate a restaurant located at 18 Broadway Valhalla, NY 10595**.

23. Corporate Defendant is an eating or drinking place that prepares and offers food or beverage for human consumption on its premises to the public.

24. Corporate Defendant is engaged in the hospitality industry under the NYLL.

25. During any period of time whatsoever starting six years prior to the filing of this Complaint, Corporate Defendant had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

26. During any period of time whatsoever starting six years prior to the filing of this Complaint, Defendant **Domenick** had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

27. During any period of time whatsoever starting six years prior to the filing of this Complaint, 2018, Defendant **Domenicka** had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

28. Corporate Defendant is involved in an industry affecting commerce within the meaning of the FLSA.

29. Corporate Defendant's annual revenues exceed $500,000 for the year 2018.

30. Corporate Defendant's annual revenues exceed $500,000 for the year 2017.

31. Corporate Defendant's annual revenues exceed $500,000 for the year 2016.

32. Corporate Defendant employs at least two employees who regularly engage in interstate commerce.

33. On information and belief, Corporate Defendant regularly employs an individual that

regularly and customarily uses the interstate telecommunications network to process credit card transactions with firms outside the state of New York.

34. On information and belief, Corporate Defendant regularly purchases goods from locations manufactured outside the State of New York and utilizes such products within the State of New York.

35. The business activities of the Corporate Defendant are related and performed through unified operation or common control for a common business purpose and constitutes an enterprise within the meaning of the FLSA.

36. The Corporate Defendant engages in a combination of different activities in the course of its business operation, including but not limited to: (1) cooking food, (2) advertising, (3) bookkeeping, (4) managing employees, and (5) selling food and alcoholic beverages (the "Related Activities").

37. The Corporate Defendant has an organizational structure whereby there is an individual, or group of individuals, who control the Related Activities.

38. Corporate Defendant failed to keep accurate and sufficient payroll and time records, as required by law.

39. During the Relevant Time Period, [1] Corporate Defendant did not accurately record the Plaintiffs' exact daily work start time and exact daily work end time.

40. Corporate Defendant did not maintain sufficient payroll and time records to determine the weekly pay and hours worked by the Plaintiffs.

41. The Plaintiffs were employees of the Corporate Defendant during the Relevant Time Period.

42. The Plaintiffs were not independent contractors while performing services for Corporate Defendant during the Relevant Time Period.

43. Corporate Defendant provided all of the equipment and material for the Plaintiffs to perform their job.

44. Corporate Defendant treated the Plaintiffs' as "W-2" wage earners while employed.

45. Corporate Defendant set the Plaintiffs' work schedule, and method and rate of pay.

46. Corporate Defendant assigned the Plaintiffs the specific job duties to which they had to perform.

47. The Plaintiffs were not free to hire other employees to work in their place to perform their job duties for Corporate Defendant.

48. No Plaintiff ever had any ownership interest in Corporate Defendant and never invested capital into corporate defendant.

---

[1] Relevant Time Period is defined as any period during the 6 years immediately preceding the filing of this complaint.

**Statutory Wage Notice Violations Applicable to Each Plaintiff**
**("Wage Notice Violations")**

49. Corporate Defendant failed to comply with the provisions of 12 NYCRR§146-2.3 by failing to provide each Plaintiff with an accurate paystub each week that the Plaintiffs were paid by Defendants.

50. Corporate Defendant did not provide the Plaintiffs with a statement of wages [2] with each payment of wages that set forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

51. Corporate Defendant failed to provide Plaintiff Andrea with a written notice of tip credit as required in 12 NYCRR §146-2.2 as a condition precedent to utilizing the tip credit as required by 12 NYCRR §146-1.3.

52. Corporate Defendant failed to provide each Plaintiff with a written notice of pay rate.

53. Corporate Defendant failed to provide Plaintiff Andrea with a written notice of tip credit.

54. Corporate Defendant failed to provide each Plaintiff with a written notice of pay day.

55. Corporate Defendant failed to provide Plaintiff Andrea with a written notice of tip credit as required in 29 C.F.R §531.59 as a condition precedent to utilizing the tip credit.

56. Corporate Defendant failed to provide each Plaintiff with oral or written notice of the amount of cash wage the employer is paying the Plaintiffs, which must be at least $2.13 per hour under the FLSA.

57. Corporate Defendant failed to provide Plaintiff Andrea with a written notice of the additional amount claimed by Corporate Defendant as a tip credit.

58. Corporate Defendant failed to provide Plaintiff Andrea with a written notice that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee.

59. Corporate Defendant failed to provide Plaintiff Andrea with a written notice that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

60. Corporate Defendant failed to provide Plaintiff Andrea with a written notice that that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

**UNLAWFUL TIP CREDIT PRACTICES APPLICABLE TO TIPPED PLAINTIFF**
**("UNLAWFUL TIP CREDIT PRACTICES")**

61. Adrian was a "food service worker" as defined in 12 NYCRR §146-3.4(a)[3].

---

[2] commonly referred to as a paystub.

[3] All references to the NYS Hospitality Wage Order concerning any Plaintiff or putative plaintiff refers to the Wage

5

62. Alternatively, Adrian was a "service worker" as defined in 12 NYCRR §146-3.3(a). Adrian was primarily engaged in the serving of food or beverages to guests, patrons or customers in Corporate Defendants' restaurant.

63. Plaintiff Adrian regularly received $30 or more in tips from Corporate Defendants' guests, patrons or customers.

64. Adrian did not perform food deliveries while working for Corporate Defendant.

65. Adrian was an employee who was statutorily eligible to received shared tips under 12 NYCRR §146-2.14(e).

66. Adrian worked as waitstaff while employed by Corporate Defendant.

67. Adrian was responsible for serving food and beverages to customers dining at Corporate Defendants establishment.

68. Corporate Defendant used a tip credit as part of the compensation scheme when paying Adrian.

69. During the Relevant time period, the Corporate Defendant failed to pay Adrian at least the New York State minimum wage by its use of an unlawful tip credit.

70. During the Relevant time period, the Corporate Defendant failed to pay Adrian at least the Federal minimum wage by its use of an unlawful tip credit.

71. Corporate Defendant paid other food service workers an hourly rate that was less than the NY Minimum wage by virtue of Corporate Defendants' utilization of an unlawful tip credit.

72. On information and belief, Corporate Defendant imposed on the food service workers an arrangement where Corporate Defendant retained ownership of employee tips.

73. Defendants required its tipped employees to participate in a tip pool which was managed and controlled by management. The tipped employees had to turn their tips into management at the end of each evening. At the end of the week, the management would distribute a random amount of tips to the tipped employees without an accounting of the distribution.

### UNLAWFUL UNDERPAYMENT OF WAGES APPLICABLE TO EACH PLAINTIFF ("SPREAD OF HOURS VIOLATION")

74. During the Relevant time period, the Corporate Defendant failed to pay the Plaintiffs an extra hour of pay at the then prevailing NYS Minimum Wage Rate when the Plaintiffs worked a shift exceeding 10 hours in length.

75. Each Plaintiff regularly worked shifts that exceeded 10 hours in length during their tenure of Employment with Corporate Defendant.

---

Orders that were in effect during such Plaintiff's tenure of employment with Defendants.

### UNLAWFUL NON-PAYMENT OF OVERTIME WAGES APPLICABLE TO EACH PLAINTIFF ("OVERTIME VIOLATIONS")

76. During the Relevant Time Period, the Corporate Defendant failed to pay the Plaintiffs an overtime premium when they worked more than forty hours in a workweek.

77. Each Plaintiff regularly worked more than forty hours a week when employed by Defendants.

**PLAINTIFF ADRIAN MIRO**

1. Adrian started working for Corporate Defendant in or around November 2016.

2. Adrian stopped working for Corporate Defendant in February, 2017.

3. Adrian performed work for Corporate Defendant during the 2017 calendar year.

4. Adrian performed work for Corporate Defendant during the 2016 calendar year

5. Corporate Defendant paid Adrian by the hour.

6. Corporate Defendant paid Adrian approximately $4.00 per hour as a direct wage.

7. Adrian worked approximately 52-53 hours each week she was employed by Corporate Defendant

8. Corporate Defendant paid Adrian in cash.

9. Adrian was subject to the Unlawful Tip Credit Practices described herein.

10. Adrian was subject to the Wage Notice Violations described herein.

11. Adrian worked some shifts that exceeded 10 hours in length.

12. Corporate Defendant never paid Adrian an extra hour of pay at then prevailing NYS Minimum Wage Rate for any shift worked that exceeded 10 hours in length

13. Adrian never had the power to hire or fire employees, control employee work hours or otherwise control other employee work conditions.

**PLAINTIFF RAPHAEL-UMBERTO MUNROY-GARCIA**

14. Raphael started working for Corporate Defendant in or around April 2008.

15. Raphael stopped working for Corporate Defendant on August, 2018.

16. Raphael performed work for Corporate Defendant during the 2018 calendar year.

17. Raphael performed work for Corporate Defendant during the 2017 calendar year.

18. Raphael performed work for Corporate Defendant during the 2016 calendar year.

19. Raphael performed work for Corporate Defendant during the 2015 calendar year.

20. Raphael performed work for Corporate Defendant during the 2014 calendar year

21. Raphael performed work for Corporate Defendant during the 2013 calendar year.

22. Raphael performed work for Corporate Defendant during the 2012 calendar year.

23. Corporate Defendant paid Raphael a daily rate of pay.

24. Corporate Defendant paid Raphael in cash.

25. Corporate Defendant paid Raphael approximately $130 per day regardless of the hours worked.

26. Raphael worked approximately 69 hours each week he was employed by Corporate Defendant.

27. Raphael was subject to the Wage Notice Violations described herein.

28. Raphael worked shifts exceeding 10 hours in time.

29. Corporate Defendant never paid Raphael an extra hour of pay at then prevailing NYS Minimum Wage Rate for any shift worked that exceeded 10 hours in length.

30. Raphael never had the power to hire or fire employees, control employee work hours or otherwise control other employee work conditions.

## Collective Action Allegations

31. Plaintiffs bring this lawsuit under 29 U.S.C §216(b) as a collective action on behalf of the FLSA Class defined above.

32. Plaintiffs desire to pursue their FLSA claims on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

33. Plaintiffs and the FLSA Class are "Similarly Situated", as that term is used in 29 U.S.C.§216(b), because, inter alia, all such individuals worked as food service workers, tipped employees, and kitchen staff employees under Corporate Defendant's previously described common pay practices, and because of such practices, they were not paid the full and legally-mandated minimum wage for hours worked, overtime premiums, and spread of hours premiums. Resolution of this action requires inquiry into common facts, including, inter alia, Corporate Defendant's common compensation, timekeeping and payroll practices.

34. Specifically, Corporate Defendant typically paid Plaintiffs and the FLSA Class by using an unlawful tip credit, failing to provide employees with proper notices of the pay structure, failing to pay employees the proper direct wage, failing to pay employees overtime and minimum wage, failing to pay a spread of hours premium and not maintaining proper record of employee work hours.

35. The Similarly-Situated employees are known to Corporate Defendant, are readily identifiable,

and may be located through Corporate Defendant's records and the records of any payroll company that Corporate Defendant uses. Corporate Defendant employs FLSA Class Members through the State of New York. These similarly-situated employees may be readily notified of this action through direct U.S mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the collective adjudication of their claims for overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## Class Action Allegations

36. Plaintiffs bring this action as a class action under Fed. R. Civ. P. 23 on behalf of themselves and the New York Class defined above.

37. The members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the New York Class.

38. Plaintiffs will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiffs and those of the New York Class, and Plaintiffs' claims are typical of the claims of the New York Class. Plaintiff's counsel is competent and experienced in representing multi-plaintiff wage and hour claims such as this one.

39. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Corporate Defendant has violated and continues to violate the laws of New York through its policy or practice of not paying its employees for all hours worked, at applicable minimum wages and providing proper and adequate wage notices.

40. Plaintiffs' claims are typical of the claims of the New York Class in the following ways, without limitation: (a) Plaintiffs are members of the New York Class, (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class, (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances, (d) there are no conflicts between the interests of Plaintiff and the New York Class members; and (e) the injuries suffered by the Plaintiffs is similar to the injuries suffered by the New York Class members.

41. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class Members.

42. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class is readily identifiable from Corporate Defendant's own employment records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Corporate Defendant.

43. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class members, while substantial, are not great enough to enable them to maintain separate suits against Corporate Defendant.  Each individual class member might not have substantial enough damages to justify private counsel bringing an individual claim on behalf of such individual class member. Accordingly, this is the type of case and the type of circumstances for which Rule 23 was enacted.

44. Without a class action, Corporate Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff, the New York Class. Plaintiff envisions no difficulty in the management of this action as a class action.

## **FIRST CAUSE OF ACTION**
**(Failure to pay overtime)**
**(Federal- 29 USC 201 et. seq.)**

45. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

46. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiffs.

47. Defendants failed to pay the Plaintiffs overtime wages to which Plaintiffs were entitled under the FLSA and the supporting Federal Regulations.

48. Because of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

49. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendant have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

50. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## **SECOND CAUSE OF ACTION**
**(Failure to pay overtime)**
**(NY STATE)**

51. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

52. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect the Plaintiffs.

53. Defendants failed to pay the Plaintiffs overtime wages to which Plaintiffs were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

54. By the Defendants' knowing or intentional failure to pay Plaintiffs overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

55. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

### THIRD CAUSE OF ACTION
**(Failure to pay wages)**
**NY Lab. Law §191**

56. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

57. Under NY Lab. Law §191, an employer is required to pay an employee within one week of the services performed by the employee.

58. Defendants failed to pay the Plaintiffs their wages as required by NYLL §191 by not paying wages within the statutory time-period.

59. On information and belief, Defendants engaged in an ongoing practice of failing to remit to Plaintiffs all wages due as a result of an unlawful tip-credit, failing to provide a spread of hours premium, not paying overtime wages and minimum wage, and withholding gratuities.

60. Because of Defendants' unlawful withholding of wages, Plaintiffs suffered harm.

### FOURTH CAUSE OF ACTION
**(Failure to provide wage notices)**
**(NY Lab. Law §198(1-b) & NY Lab. Law §198(1-d))**

61. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

62. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiffs with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer in accordance with NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

    vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer

11

63. Defendants willfully failed to furnish Plaintiffs with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including over time hours; deductions, allowances, and net wages.

64. Due to Defendants' violation of NYLL §195(1), Plaintiffs are entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

65. Defendants failed to provide Plaintiffs a statement with each payment of wages that sets forth Plaintiffs' hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

66. Due to Defendants' violation of NYLL §195(3), Plaintiffs are entitled to recover from Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

**FIFTH CAUSE OF ACTION**
**(Failure to pay minimum wage)**
**29 U.S.C §206**

67. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

68. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiffs.

69. Defendants failed to pay Plaintiffs minimum wages to which they are entitled under the FLSA and the supporting Federal Regulations.

70. Because of Defendants' unlawful acts, Plaintiffs have been deprived of minimum compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

71. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

72. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SIXTH CAUSE OF ACTION**
**(Failure to pay minimum wage)**
**(NY STATE)**
**12 N.Y.C.R.R §146-1.2**

73. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

74. The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiffs.

75. Defendants failed to pay Plaintiffs minimum wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

76. By Defendants' knowing or intentional failure to pay Plaintiffs minimum wages for hours worked, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

77. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

**SEVENTH CAUSE OF ACTION**
**(Failure to pay Spread of Hours)**
**(NY STATE)**

78. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

79. The spread of hours provisions of 12 NYCRR §146-1.6 apply to Defendants and protect the Plaintiffs.

80. Defendants failed to pay Plaintiffs an extra hour of pay at the then prevailing NYS minimum wage rate for each shift they worked that exceeded 10 hours in length.

81. By Defendants' knowing or intentional failure to pay Plaintiffs an extra hour of pay at the then prevailing NYS minimum wage rate for each shift they worked that exceeded 10 hours in length, they have willfully violated 12 NYCRR §146-1.6, and the supporting New York State Department of Labor Regulations.

82. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek the following relief:

A.   An Order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. §216(b);

B.   Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all potential FLSA Class Members;

C.   An Order permitting this litigation to proceed as a class action under Fed. R. Civ. P. 23 on behalf of the New York Class;

  D.  Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

  E.  Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

  F.  Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL;

  G.  Unpaid wages pursuant to 12 NYCRR §146-1.6 as and for a spread of hours premium and an equal amount as liquidated damages for each day in which the Plaintiffs worked a shift that spans 10 hours in length or more.

  H.  Statutory damages equal to $50 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a wage notice pursuant to NYLL §198(1-b);

  I.  Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a statement of wages pursuant to NYLL §198(1-d);

  J.  Pre-judgment interest and post-judgment interest;

  K.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

  L.  An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

  M.  Reasonable attorney fees and costs of the action;

  N.  Such other relief as this Court shall deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated:   White Plains, New York
         March 1, 2019

EL-HAG & ASSOCIATES, P.C

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com
