```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ADRIAN MIRO, RAPHAEL-UMBERTO MUNROY-GARCIA,
AND ALL OTHERS SIMILARLY SITUATED;                                    7:19-cv-01946 (NSR)

                                  Plaintiffs,

              -against-

ESPOSITO'S RISTORANTE & PIZZERIA II, INC.,
DOMENICK ESPOSITO, AND DOMENICKA ESPOSITO;

                                  Defendants.
-------------------------------------------------------------------X
```

## [PROPOSED] DEFAULT JUDGMENT

The above-entitled matter came before the Court on the Plaintiffs' Motion for a judgment by default. (ECF Doc. No. 30).

### I.   Background.

Defendant Espositos Ristorante & Pizzeria II, Inc. ("Espositos") is a restaurant located in White Plains, New York. Espositos is owned by Domenick Esposito ("Mr. Esposito") and Domenicka Esposito ("Mrs. Esposito"). Mrs. Esposito managed the daily affairs and made all employment decisions.

Plaintiff Adrian Miro ("Adrian") worked for the Defendants as a waiter from approximately November 21, 2016, through March 1, 2017. The Defendants only paid Adrian $4.00 per hour, which is lower than the New York State tipped employee direct wage. Adrian worked approximately 54.5 hours each workweek. His workweek was general Sunday, Monday, and Thursday from 10:30 am to 10:00 pm; and Friday and Saturday from 4:00 pm to 2:00 am. The Defendants never paid Plaintiff overtime wages, provided Adrian with statutory wage notices or accurate paystubs, and did not pay Adrian the minimum wage for the hours he worked.

Similarly, Plaintiff Raphael-Umberto Munroy-Garcia ("Raphael") worked for the Defendants as a cook for many years, but for purposes of the FLSA and NYLL statutory periods, March 1, 2013 through August 1, 2018. However, Raphael did not work for the Defendants in the 2016 calendar year, and only worked four months in the 2014 calendar year. Like Adrian, Raphael worked very long hours. Raphael's general schedule was 10:00 am to 9:30 pm, six days a week. However, the Defendants never paid Raphael overtime wages, provided him with statutory wage notices, or provided an accurate paystub. Instead, the Defendants paid Plaintiff a flat daily pay of $130 per workday.

The Plaintiffs served the Defendants with the Complaint on March 1, 2019. On July 11, 2019, Mrs. Esposito contacted Plaintiffs' counsel to discuss the lawsuit. Mrs. Esposito was

advised to retain an attorney to file a response to the lawsuit. Shortly after, Plaintiffs' counsel was contacted by an individual named Norman Gary who represented that he was an attorney retained by the Defendants. Mr. Gary wanted to engage in settlement discussions. Mr. Gary was informed by Plaintiffs' counsel that he needed to file a notice of appearance in the lawsuit and an Answer, but Mr. Gary never did. Mr. Gary and Plaintiffs' counsel had some minor settlement discussions, but then Mr. Gary stopped communicating. On September 9, 2019, Plaintiffs filed a letter to the court requesting that the Court address the Defendants' non-appearance. In response, the Court Ordered the Parties to appear for a pre-trial conference and submit a case discovery plan. On October 2, 2019, Plaintiffs' counsel served the Order on Mr. Gary via email, but Mr. Gary did not acknowledge or reply to the email. On October 10, 2019, Plaintiffs' Counsel emailed Mrs. Esposito informing her that her lawyer was not responding to my emails and she would face default if she did not appear in the lawsuit. Mrs. Esposito never replied. On October 31, 2019, the Court held a preliminary conference, but the Defendants did not appear. On November 19, 2019, the Clerk of the Court issued a certificate of default against each Defendant.

### II.     Order of the Court.

Plaintiffs have now moved this Court for an order granting them a default judgment against defendant the Defendants for not retaining answering or otherwise appearing to defend this lawsuit.

In support of plaintiffs' motion, plaintiffs submitted a sworn affidavit from each Plaintiff, a sworn affirmation from plaintiffs' attorney Jordan El-Hag, Esq. along with supporting exhibits, and a memorandum of law in support of the motion. On _____ ___, 2019, the Court Ordered that the defendants show cause on or before _____ ___, 2019, why plaintiffs' motion should not be granted. Plaintiffs served the moving papers on the defendants on _____ _____, 2019. Defendants have not retained legal counsel, did not respond to plaintiffs' motion, and have not otherwise appeared themselves or by counsel in this Action.

Accordingly, the Court finds that defendants Espositos, Mr. Esposito, and Mrs. Esposito have defaulted in defending this Action.

THEREFORE, judgment is **ENTERED** jointly and severally against defendants Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito in favor of plaintiff Adrian Miro and Raphael-Umberto Munroy-Garcia, and it is hereby Ordered as follows:

- Defendant Esposito's Ristorante & Pizzeria II, Inc. in default in this lawsuit;

- Defendant Domenick Esposito in default in this lawsuit;

- Domenicka Esposito in default in this lawsuit;

- Adrian Miro is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, unpaid wages in

an amount equal to $13,766.67;

- Adrian Miro is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, liquidated damages equal to $13,766.67;

- Adrian Miro is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, prejudgment interest in an amount equal to $7,040.24;

- Adrian Miro is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, statutory damages pursuant to NYLL 198(1-b) in an amount equal to $5,000.00;

- Adrian Miro is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, statutory damages pursuant to NYLL 198(1-d) in an amount equal to $5,000.00;

- Adrian Miro is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, reasonable attorney fees in an amount equal to $3,181.50; and

- Adrian Miro is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, the costs of this action in an amount equal to $233.68;

- Raphael-Umberto Munroy-Garcia is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, unpaid wages in an amount equal to $172,642.11;

- Raphael-Umberto Munroy-Garcia is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, liquidated in an amount equal to $172,642.11;

- Raphael-Umberto Munroy-Garcia is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, prejudgment interest in an amount equal to $116,895.26;

- Raphael-Umberto Munroy-Garcia is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, statutory damages pursuant to NYLL 198(1-b) in an amount equal to $5,000.00;

- Raphael-Umberto Munroy-Garcia is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, statutory damages pursuant to NYLL 198(1-d) in an amount equal to

   $5,000.00;

- Raphael-Umberto Munroy-Garcia is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, reasonable attorney fees in an amount equal to $3,181.50; and

- Raphael-Umberto Munroy-Garcia is awarded, jointly and severally against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito, the costs of this action in an amount equal to $233.68;

It is FURTHER ORDERED that this Court finds the attorney fees awarded herein to be fair and reasonable;

It is FURTHER ORDERED that all sums unpaid shall begin to accrue interest on the total amounts due until paid in full at the Federal statutory interest rate under 28 U.S.C §1961 starting on the date of entry of this Order;

It is FURTHER ORDERED that this Court shall retain jurisdiction over any matter pertaining to this judgment; and

It is FURTHER ORDERED that there being no reason for delay, pursuant to Fed. R. Civ. P. 54(b), the Clerk is ordered to enter this Final Judgment against Esposito's Ristorante & Pizzeria II, Inc., Domenick Esposito, and Domenicka Esposito forthwith and without further notice.

  It is so ORDERED this ____ day of _____, 2019.

                 _____
                 HONORABLE NELSON ROMÁN
                UNITED STATES DISTRICT COURT JUDGE